IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JAMES CARAWAY,<br><br>  Plaintiff<br><br>VS.<br><br>JOE CHAPMAN, *et al.,*<br><br>  Defendants | NO.  3:08-CV-61 (CDL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## ORDER

Before the court is a MOTION TO APPOINT COUNSEL filed by plaintiff James Caraway. TAB #70. Therein, plaintiff Caraway again asks that the court provide him with legal representation. As plaintiff Caraway has been repeatedly advised, there is, generally speaking, no right to counsel in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); it is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented.  See *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in *Ulmer, supra*, it appears that the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff.  The court ON ITS OWN MOTION will consider assisting plaintiff in securing legal counsel IF AND WHEN it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.  Accordingly, plaintiff's motion seeking appointment of legal counsel is **DENIED**.

**SO ORDERED**, this 4th day of NOVEMBER, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE