IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JAMES CARAWAY,

               Plaintiff

    VS.

JOE CHAPMAN and TEION MᴄKNIGHT,

              Defendants

NO.  3:08-CV-61 (CDL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER AND RECOMMENDATION

Plaintiff James Caraway filed the above-captioned 42 U.S.C. §1983 action asserting claims of failure to protect and retaliation.  Tab #1.  In response, and after filing an Answer and various other pleadings, defendants Joe Chapman and Teion McKnight filed a motion seeking summary judgment.  Tab #52.  Therein, they argue that the plaintiff has failed to state a claim and that, as such, his action should be dismissed.

After reviewing this motion, and in light of the fact that the motion explicitly requests dismissal, the undersigned concludes that the defendants' motion seeking summary judgment is more properly classified as a motion to dismiss.  Consequently, analysis of the motion and of the plaintiff's claims will proceed in accordance with the standards governing motions to dismiss.

### FACTUAL BACKGROUND AND ALLEGATIONS OF THE COMPLAINT

Plaintiff Caraway, a convicted computer pornographer, was incarcerated in the Walton County Jail at all times relevant to the instant action.  Defendant Joe Chapman is the duly-elected Sheriff of Walton County.  Defendant Teion McKnight is employed by Chapman as a guard at the Walton County Jail.  The events giving rise to the instant action allegedly occurred on or about December 17, 2007 and began inside the maximum security dorm of the Walton County Jail.

In his Complaint, plaintiff Caraway alleges that, "in an unprovoked act of violence" he was attacked by two other inmates. According to the plaintiff, this attack occurred over a period of minutes and took place "under the supervision of [defendant] McKnight [who was] in the control booth." He also states that, after the attack, officers Ryn, Johnson, Meeks, and Mote entered the dorm, observed the his injuries, and took him to medical. While in medical, plaintiff received what he describes as very limited treatment for his injuries. After leaving medical, he was escorted to booking where he prepared a written statement and had his injuries photographed.

In addition, the plaintiff also avers that, at some point either during or after this process, defendant Chapman threatened him by saying that if he "pursued this matter [he] would be sorry." Based on the above allegations, plaintiff Caraway asserts that his civil rights were blatantly violated. By way of relief, he asks for "a thorough investigation in[to] every aspect of Walton County Jail" and an award of "damages [in the amount of] $800,000 for pain and suffering and mental anguish."

## LEGAL STANDARDS

### MOTIONS SEEKING DISMISSAL

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted." When ruling on a motion seeking dismissal, all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff. *Wagner v. Daewoo Heavy Industries America Corp.*, 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim." *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

FAILURE TO PROTECT/INTERVENE

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989). *See also Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984). On the other hand, prison officials are not liable for exhibiting mere negligence. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) and *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986).

RETALIATION

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir.1989). "To state a [F]irst [A]mendment claim for retaliation, a prisoner need not allege violation of a separate and distinct constitutional right." *Id.* at 1242. Rather, "[t]he gist of a retaliation claim is that a prisoner is penalized for exercising the right of free speech." *Id.* As such, simply crying "retaliation" whenever a prisoner does not agree with or like a decision or statement made by prison officials is insufficient to state a claim for a constitutional violation under § 1983. Instead, the prisoner must come forward with sufficient evidence to merit continuation of his lawsuit. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995).

**DISCUSSION**

Plaintiff Caraway's allegations appear to present two claims: a Fourteenth Amendment failure to protect and/or intervene claim against defendant McKnight and a First Amendment retaliation claim against defendant Chapman. As noted above, the defendants' argue that the plaintiff has failed to sufficiently state either of these claims and that, as such, his action should be dismissed. The undersigned will address each claim separately.

CLAIM ALLEGING FAILURE TO PROTECT/INTERVENE

The totality of plaintiff Caraway's claim(s) against defendant McKnight consists of his statement that he was attacked by two other inmates while "under the supervision of [defendant] McKnight [who was] in the control booth." As an initial matter, it is the opinion of the undersigned that this unsupported and conclusory assertion, without more, is insufficient to state a claim of failure to protect/intervene.

In support of their argument regarding this claim, the defendants began by citing from the seminal case of *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970 (1994). Therein, the Supreme Court held "that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." [1] *Id*. at 837. In other words, in order to state a Constitutionally viable claim of failure to protect, an inmate plaintiff must set forth allegations to support a conclusion that the defendant prison official was deliberately indifferent to a known risk.

In the case at bar, plaintiff Caraway describes the sudden and isolated attack at issue as an "unprovoked act of violence." In light this description, any assertion, inferred or otherwise, that defendant McKnight possessed the requisite knowledge of an excessive risk to the plaintiff's health or safety *prior* to the attack would be untenable if not disingenuous. As such, and because it is clear that the plaintiff's claim of failure to protect is insufficient, no further analysis is necessary. In addition, and to the extent that the plaintiff alleges a separate claim of failure to intervene, such a claim is similarly without merit. This is because, even if defendant McKnight became aware of an excessive risk of serious harm upon witnessing the attack, the relatively brief duration and separate physical location of the attack, coupled with the objectively reasonable response of prison officials which, according to the plaintiff, came *shortly* thereafter, renders the defendant's alleged failure to immediately intervene as, at most, negligent. Consequently, it is apparent that the plaintiff has also failed to sufficiently state a Fourteenth Amendment failure to intervene claim against defendant McKnight.

---

[1] While the Eighth Amendment only proscribes cruel and unusual punishment upon convicted individuals, it is generally accepted that Fourteenth Amendment claims involving conditions of confinement are analyzed under the deliberate indifference rubric of the Eighth Amendment. *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

CLAIM ALLEGING RETALIATION

In his second and final claim, plaintiff Caraway alleges unconstitutional retaliation by defendant Chapman. The only allegation against defendant Chapman in support of this claim is plaintiff Caraway's statement that he "was threatened by [defendant] Sheriff Joe Chapman that, if [he] pursued this matter, [he] would be sorry." Once again, even when construed liberally, this allegation is simply not sufficient to state a viable First Amendment claim.

In order to prevail on a claim of retaliation, an inmate must establish that (1) his speech was constitutionally protected, (2) that he suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech, and (3) that there is a causal relationship between the retaliatory action and the protected speech. *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008) (footnote and citations omitted). Here, because the plaintiff has failed to even identify any constitutionally protected speech or adverse action resulting therefrom, it is apparent that his claim must fail.

## CONCLUSION

For the reason stated above, the undersigned concludes that plaintiff Caraway has failed to sufficiently state a claim. Accordingly, **IT IS RECOMMENDED** that his case be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these RECOMMENDATION with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

Also before the court are plaintiff Caraway's motions seeking a subpoena (Tab #65), a physical and mental health evaluation (Tab #66), and a jury trial (Tab #67). In view of the foregoing recommendation to dismiss, the undersigned **ORDERS** that these motions be **DENIED** as moot.

**SO ORDERED AND RECOMMENDED,** this 4th day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE